## HICKMAN v. FORT SCOTT.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 10. Argued October 13, 1891. — Decided October 26, 1891.

An application by petition to a court of law, after its judgment has been reversed and a different judgment directed to be entered, to so change the record of the original judgment as to make a case materially different from that presented to the court of review, — there being no clerical mistake, and nothing having been omitted from the record of the original action which the court intended to make a matter of record — was

properly denied. Such a case does not come within the rule that a court, after the expiration of the term, may, by an order, *nunc pro tunc*, amend the record by inserting what had been omitted by the act, of the clerk or of the court.

THE court stated the case as follows:

Hickman brought suit, July 1, 1880, in the Circuit Court of the United States for the District of Kansas, against the city of Fort Scott, a municipal corporation of that State, to recover the amount of twenty-seven bonds of $500 each, issued by that city. The action was tried by the court without a jury. One of the issues was whether the suit was barred by the Kansas statute of limitations, declaring that an action on an agreement, contract or promise in writing could be brought within five years after the cause of action accrued, and not afterwards, but providing that "in any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby." Gen. Stats. Kansas, c. 80, art. 3, pp. 633-4-5. That issue depended upon the inquiry whether the city had made such an acknowledgment of its liability on the bonds as took the case out of the limitation of five years.

The court made a special finding of facts, and gave judgment in favor of Hickman for $26,385.23. Upon writ of error to this court that judgment was reversed, November 3, 1884; and the cause was remanded with direction to enter a judgment for the plaintiff on one bond, No. 78, for $500, with proper interest, less a credit paid of $200, November 8, 1875, and, in respect to all the other bonds in suit, to enter judgment for the city with costs. *Fort Scott* v. *Hickman*, 112 U. S. 150, 160, 165.

A petition for rehearing was filed in this court, asking a reconsideration of its judgment to the extent, at least, of order-

ing a *venire de novo* or a reargument of the case. That petition was overruled.

On the 3d of February 1885, the present proceeding was instituted by a petition filed in the court below by Hickman against the city of Fort Scott. Its general object was to obtain " a new trial on account of gross and vital errors in the finding of facts," and also to have the record amended " by allowing certain findings of fact to appear, some of which findings were unavoidably and others accidentally omitted." The petition, among other things, stated: " It is desired only that the record should be so amended as to state as well as import the truth, and that the plaintiff should have an opportunity of having the actual facts of the controversy taken into consideration by this court, and, if necessary, by the Supreme Court before the matter finally passes in *rem judicatam*. The decision of the Supreme Court was based upon an imperfect and erroneous report of the cause, and all that the plaintiff now desires to do is to have the record placed in such shape that the truth may be judicially ascertained before final judgment against him."

The petition set forth the particular facts which, it is alleged, do not sufficiently appear in the findings, and prayed that the plaintiff might be allowed to make proof of them, " and that the omissions and mistakes in the findings of fact hereinbefore stated be supplied and corrected, to the end that the record of said cause may be a true record before judgment is entered in pursuance of said mandate; or, if such judgment is first entered, then that such judgment may be opened and a new trial ordered."

The mandate of this court was issued February 19, 1885, and was filed in the court below. A judgment in conformity with it was entered by the Circuit Court on the 2d of March, 1885. Subsequently, the application to amend the record, as prayed for in the petition, was overruled, and an order to that effect was entered. From that order the present writ of error was prosecuted.

*Mr. A. J. Wintersteen* for plaintiff in error. *Mr. Wayne MacVeagh* was with him on the brief.

*Mr. J. D. McCleverty* for defendant in error.

MR. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

In the original action upon the bonds held by Hickman, a jury having been waived by written stipulation of the parties, the Circuit Court proceeded to final judgment upon a special finding of facts. The judgment was the one the court intended to enter, and the facts found were those only which the court intended to find. There is here no clerical mistake. Nothing was omitted from the record of the original action which the court intended to make a matter of record. The case, therefore, does not come within the rule, that a court, after the expiration of the term, may, by an order *nunc pro tunc*, amend the record by inserting what had been omitted by the act of the clerk or of the court. *In re Wight, Petitioner,* 134 U. S. 136, 144; *Fowler* v. *Equitable Trust Co.* (1), *ante,* 384; *Galloway* v. *McKeithen,* 5 Iredell (Law), 12; *Hyde* v. *Curling,* 10 Missouri, 227. Nor is this a suit in equity to set aside or vacate the judgment upon any of the grounds on which courts of equity interfere to prevent the enforcement of judgments at law. It is simply an application by petition to a court of law, after its judgment has been reversed, and a different judgment directed to be entered, to so change the record of the original judgment as to make a case materially different from that presented to the court of review. The application derives no strength from the fact that it was by petition, and not by motion supported by affidavits.

We know of no precedent for such a proceeding as this, nor is there any principle of law upon which it could be based. In *Bronson* v. *Schulten,* 104 U. S. 410, 415, the court, after adverting to the general rule that the judgments, decrees or other orders of a court, however conclusive in their character, are under its control during the term at which they are rendered, and may be set aside, vacated, modified or annulled by it, said: "It is a rule equally well established, that after the term has ended all final judgments and decrees of the court pass beyond

its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify or correct them; and if errors exist, they can only be corrected by such proceeding by a writ of error or appeal as may be allowed in a court which, by law, can review the decision.. So strongly has this principle been applied by this court that, while realizing that there is no court which can review its decisions, it has invariably refused all applications for rehearing made after the adjournment of the court for the term at which the judgment was rendered. And this is placed upon the ground that the case has passed beyond the control of the court." The same principles had been announced in *Sibbald* v. *United States,* 12 Pet. 488, 492. The exceptions to the general rule, such as suits in equity, and writs of error *coram vobis* at law, do not embrace the present application. See also *Phillips* v. *Negley,* 117 U. S. 665, 674, 675; *Cameron* v. *McRoberts,* 3 Wheat. 591; *McMicken* v. *Perin,* 18 How. 507, 511.

*Judgment affirmed.*

The CHIEF JUSTICE and MR. JUSTICE GRAY did not hear the argument, and took no part in the decision of this case.