[No. 575.   August 24, 1895.]

## PEDRO PEREA, ADMINISTRATOR OF ESTATE OF JOSE LEANDRO PEREA, DECEASED, APPELLEE, v. GEORGE W. HARRISON, ADMINISTRATOR OF ESTATE OF GUADALUPE PEREA DE HARRISON, DECEASED, ET AL., APPELLANTS.

ESTATE OF DECEASED PERSON—BILL FOR DISTRIBUTION AND SETTLEMENT—ANSWER AND CROSS BILL—EXCEPTIONS—DEMURRER.—In a proceeding, by bill in equity, for the distribution and settlement of the estate of an infant heir, deceased, brought by the complainant as the sole surviving administrator, and also as one of the heirs at law, of the decedent, against one individually, and as administrator of the widow of the elder decedent, holding a fund belonging to the estate and heirs, to which bill an answer and cross bill was filed, alleging that complainant, the administrator of the elder decedent, had misappropriated funds belonging to the infant decedent, asking that complainant be required to account therefor, and making all the administrators of the elder decedent parties defendant,—exceptions to so much of the answer as set up matters relating to the estate of the elder decedent, on the ground of impertinence, and a demurrer to the cross bill, on the ground that the matters therein alleged were not germane to the action, were properly sustained, where it appeared that the consideration of the answer and cross bill would require bringing in new parties, and that a suit was pending for the accounting therein prayed for.

ID.—RIGHT OF ADMINISTRATRIX, SUCCEEDING HERSELF AS GUARDIAN, TO ESTATE OF WARD.—In such proceeding, where it appeared that the widow of the elder decedent, on his death, was appointed by the probate court guardian of the infant heir, and as such received from the administrators of said decedent the estate of such heir, who afterward died, when she was appointed administratrix of his estate, together with the complainant as administrator, and that, at the time of his death, she had in her possession a fund ready for distribution,—she had no claim against said fund as such guardian, but it immediately vested in her as administratrix, in conjunction with her coadministrator, though there had been no final settlement of her guardianship.

ID.—PERSONAL LIABILITY OF ADMINISTRATOR FOR TRUST FUNDS HELD BY HIM INDIVIDUALLY.—Where, in such case, it further appeared that, on the death of the administratrix, who had intermarried with another, her husband took possession of the funds of the estate, to

the exclusion of the other administrator, and held them, with full knowledge of their trust character, for nearly three months, when he was appointed her administrator, and deposited them to his own credit, and the other administrator, in order to recover said funds, had to sue him, a decree for their distribution was properly rendered against him personally, and not as administrator of his wife's estate, though he was sued both as administrator and individually.

ID.—TAXATION OF COSTS—SOLICITOR'S FEE.—In such proceeding, where the costs were chargeable against the fund, the court had the power to fix the allowance for solicitor's fees without taking proof as to the value of the services rendered.

ID.—ADMINISTRATOR'S COMMISSIONS.—Where, in such case, both the administratrix in her lifetime, and the defendant then and after her death, insisted that she never held the funds in her possession as such administratrix, and denied participation in their control as coadministrator, she could not claim commissions on the same as such for the first time on appeal.

APPEAL, from a decree in favor of complainant, from the Second Judicial District Court, Bernalillo County.   Decree modified.

The facts are stated in the opinion of the court.

W. B. CHILDERS for appellants.

The allegations excepted to were not impertinent, and if true, there could be no full and final settlement and distribution of the estate of the deceased minor, without taking into account all his property.   1 Danl. Ch. Pr. 336 [Perkins Ed. 338], citing 1 Vernon, 29; Id. 334, and cases cited.   See, also, Lord Cottenham in Campbell v. Mackay, 7 Simon, 564, cited in Gains v. Chew, 2 How. 643.

The court erred in sustaining the demurrer to the cross bill, which went to the whole of the bill, and not a part of it only.   Livingstone v. Story, 9 Pet. 658; Giant Powder Co. v. California Powder Co., 98 U. S. 126.

The decree in this case can not stand because it is against the appellant individually.   Foster v. Wilber,

1 Paige, Ch. 541; Dakin v. Deming, 6 Id. 98. See, also, Jackson v. Leggett, 2 Id. 58. A decree must conform to the allegations as well as to the proofs in the case. Simms v. Guthrie, 9 Cranch, 19; Crockett v. Lee, 7 Wheat. 522; Carneal v. Banks, 10 Id. 181; Harrison v. Nixon, 9 Pet. 483.

No accounting can be had and no order to turn over, unless the property can be identified and distinguished from other property of the deceased administrator. In re O'Brien, 45 Han. (N. Y. Sup. Ct.) 284.

The executor of a deceased executor can not be compelled to settle the latter's account. Reid v. Wilson, 41 N. W. Rep. 716. See, also, Hill v. State, 23 Ark., 5 Am. and Eng. Encyclopedia Law, 212; 11 Am. and Eng. Encyclopedia Law, 1032; 7 Id. 206, and cases cited; Id. 204, 333, 334; Murray v. Vanderpool, 2 Demarest (N. Y.), 311; Gilliland v. Bredin, 63 Pa. St. 399; Brotten v. Bateman, 22 Am. Dec. 734; Dakin v. Deming, 6 Paige, 95; Schenck v. Schenck Ex'rs, 3 N. J. L. 562; Bush v. Lindsey, 44 Cal. 121; Tracey v. Hadden, 78 Ill. 30.

The coadministrator was not bound in law to turn over assets, even if in her hands as administratrix, to complainant. Edmunds v. Crenshaw, 14 Pet. 164; 11 Am. and Eng. Encyclopedia Law, 1027, and cases cited.

Nor was she called upon to act with reference to the estate as administratrix until her accounts as guardian had been settled. Emmerson v. Webster (N. Y. Sup. Ct.), 12 N. Y. Supp. 789. See, also, Seegar v. State, 14 Am. Dec. 263; In re, 26 N. J. 512.

A guardian is not liable for interest unless he is directed by the probate court to invest the money of his ward. Reynolds v. Walker, 29 Miss. 250. See, also, 9 Am. and Eng. Encyclopedia Law, 119, and cases cited; Tittman v. Green, 18 S. W. Rep. (Mo.) 889.

Unless bad faith is shown, the court will not

impeach the exercise of the right on the part of the guardian to dispose of personal property of the ward. Schouler's Ex'rs and Adm'rs, secs. 325, 326; Alexander v. Alexander, 8 Ala. 796; Hoyt v. Sprague, 103 U. S. 613.

The complainant was appointed administrator in 1887, so section 45 of the act of 1889 does not apply to him. Commissions on uncollected assets should not be allowed. Appeal of Vanderford, 12 Atl. Rep. (Penn.) 491; Foote v. Bruggerhof, 21 N. Y. Sup. 509; Gaines v. Kentch, 64 Md. 517. See, also, Ireland v. Corse, 67 N. Y. 343; 7 Am. and Eng. Encyclopedia Law, 437; Williams v. Miller, 7 S. E. Rep. (S. C.) 505; Miller's Ex'r v. Simpson, 2 S. W. Rep. (Ky.) 171.

The amount in controversy does not justify the fee allowed for attorneys. There is no evidence in the record as to the value of the services rendered by the attorneys, nor as to the necessity of two attorneys. Neither is there any evidence that complainant has paid any attorney's fees. 7 Am. and Eng. Encyclopedia Law, 434, and cases cited; Crowder v. Shackelford, 35 Miss. 321; Lucich v. Medin, 93 Am. Dec. 395, and note; In re Carman, 4 N. Y. Supp. 690; Kingsbury v. Powers, 22 N. E. Rep. 484; 7 Am. and Eng. Encyclopedia of Law, 435.

NEILL B. FIELD for appellee.

The demurrer to the cross bill was properly sustained. Shields v. Barrow, 17 How. 130; Story, Eq. Pl., sec. 389, et seq.; Josey v. Rogers, 13 Ga. 478; Roberts v. Peary, 29 N. H. 392; Landes v. Ogden, 31 Miss. 332; 3 Danl. Ch. Pr. [4 Ed.] 1548.

The court should treat the demurrer to the bill as sustained. Valdez v. Archuleta, 3 N. M. (Gil.) 296.

The exceptions to the answer of defendants raised the same questions of law as the demurrer to the cross

bill, and were, therefore, properly sustained. Story Eq. Pl., sec. 863.

The defendant Harrison took the trust property with full knowledge of its trust character, and thereby assumed the duties and obligations of a trustee. 1 Perry on Trusts, secs. 129, 217; 2 Id., sec. 828; Mechanics Bank v. Saton, 1 Pet. 309. See note to Wormley v. Wormley, 21 U. S. 419, Lawyer' Co-op. Ed.

The defendant, in his answer as an individual and as administrator, by offering to pay what might be found due on an accounting, thereby waived the right to insist, when a balance was found against him, that it should have been found against him in his fiduciary capacity. Chicago, etc., R'y Co. v. Pullman Pal. Car Co., 50 Fed. Rep. 24.

The objection to the order of reference was not made until after the entry of the decree. Perrin v. Lepper, 72 Mich. 541.

The defendant was an accounting party charged with all the duties of Guadalupe Perea de Harrison, and subject to the same remedies as would have been available against her. Perrin v. Lepper, 72 Mich. 555; Dillman v. Hastings, 144 U. S. 136. See, also, Madden v. Madden, 27 Mo. 544.

The appellant was guilty of numerous breaches of trust as shown by the record. Dillman v. Hastings, 144 U. S. 136; Clyce v. Anderson, Ex'r, 49 Mo. 43; Wormley v. Wormley, 21 U. S. 419; Garr v. Harding, 45 Mo. App. 618; Williams v. Pettigrew, 62 Mo. 469.

It is a matter of discretion with the court as to whether interest will be charged an administrator, and how it shall be computed. Madden v. Madden, 27 Mo. 544. See, also, Perrin v. Lepper, 72 Mich. 541.

The action of the court in fixing the value of professional services is not open to the objection made

that evidence of the value of such services was necessary in a case like this. Dorsey v. His Creditors, 8 Martin (La.), 583; Succession of McCarthy, 3 La. Ann. 517; Ex parte Plitt, 2 Wall, Jr., 453.

If the court has any doubt as to the justice of the decree in its present form, it may, if it sees proper, modify it so as to make it run against appellant as administrator, or against him partly as an individual and partly as administrator. Hopkins v. Orr, 124 U. S. 510.

The amount of the master's fee was a matter within the sound discretion of the court below, and unless it appears that discretion was abused, the amount fixed by the court should not be disturbed. Beach, Mod. Eq. Pr., sec. 678.

Defendant's wrongful conduct made this litigation necessary, and he should be made to bear the expense of it. 2 Danl. Ch. 1415.

SMITH, C. J.—This is a bill in equity filed in the district court of Bernalillo county to obtain the distribution of the estate of Jose Leandro Perea, second, deceased, an infant, who at the time of his death, was about eight years of age. The bill was filed by Pedro Perea, as sole surviving administrator, and also as one of the heirs at law of the decedent, against George W. Harrison, as an individual, and as administrator of his deceased wife, Guadalupe P. Harrison; all the other heirs at law of the decedent being also made parties defendant, and the prayer of the bill being "that a final decree may be entered for a settlement of the said estate, and the distribution thereof, and that the complainant, as surviving administrator, be decreed his reasonable expenses, including solicitor's fees, against said George W. Harrison, individually and as administrator as aforesaid, in and about this suit," and for equitable relief.

The facts of the case, as disclosed by the record, are that Jose Leandro Perea, a wealthy citizen of Bernalillo county, died in 1883, leaving a widow and thirteen children, of whom the decedent was one; that each of the said children inherited about $35,000 at the death of the elder Perea. His widow, Guadalupe Perea, was appointed guardian of the infant child, Jose Leandro, second, and as such received from the administrators of the father, the estate of said child. Said Guadalupe Perea, widow as aforesaid, intermarried with the defendant, George W. Harrison, and he thereupon took entire charge of her affairs, and notified the administrators of her former husband that when they had any business with her they should communicate with him, as he was the one who attended to all business. This child, Jose Leandro Perea, second, died on the twenty-seventh day of August, 1887, and Guadalupe Perea, the then wife of the defendant George W. Harrison, and the complainant, Pedro Perea, were appointed by the probate court of said county, administrators of his estate. Mrs. Harrison insisted that, notwithstanding the death of said child, she held his estate as guardian until the final settlement of her accounts as such, and that no part of the same could be turned over to the administrators until such final settlement. The defendant George W. Harrison made for her all reports as guardian, the first report being made in the lifetime of the child, on July 6, 1886. It consisted of three items of debit against the guardian, amounting to $18,003.09, and stated that the money was in a safe place and "the interest well pays the expenses of said minor." No credits were claimed in this report, nor was there any charge against the guardian as to many items shown by the record then to have been in her hands. The second report of the guardian, filed on November 7, 1887, more than two months after the death of the child, was denominated

by said Harrison, acting in behalf of his said wife, "a final report," and contained debit charges against the guardian amounting to $25,190.20. No credits were claimed in this report. The third report was filed on the sixth day of March, 1888, and contained debit items amounting of $26,977.44, and claimed credits amounting to $9,306.83, showing an alleged balance of $17,670.61. This last report was excepted to in the probate court, the exceptions were sustained, and the guardian appealed from the judgment to the district court, but did not perfect her appeal until after the filing of this bill of complaint. This record is silent as to the result of that appeal; but the bill alleges that it was taken at the March 1888, term, of the probate court, and remained unperfected at the time of the filing of this suit, on the third day of April, 1890. Mrs. Harrison died on the twentieth day of October, 1889, and her husband was appointed her administrator on January 6, 1890. Between the time of her death and his qualification as her administrator, the defendant, George W. Harrison, on December 17, 1889, wrote a letter to N. C. Collier, Esq., one of the attorneys for complainant, in which he said:

"MY DEAR SIR:—In answer to yours of the sixteenth, my wife never had possession of any of the effects of the estate of Jose L. Perea, second, as administratrix, but as the guardian; and, by Pedro Perea's action, the matter of the settlement of the guardianship is in the district court, and Pedro Perea will have to wait a good while before he gets possession of any of said estate, and will probably learn who he is fooling with before he gets through with me." When this bill of complaint was filed the defendant Harrison demurred to the same, assigning ten grounds of demurrer, only one of which it is necessary to notice: "Because the said complainant, as the coadministrator of defendant's intestate, seeks by said bill to administer

the estate of Jose L. Perea, second, alone, and to the exclusion of defendant, who is entitled to participate in such administration as the administrator of the complainant's coadministrator." This demurrer being overruled, he answered the bill, in double capacity of an individual and as administrator, by a joint and several answer, in which it was insisted that no assets of the estate of Jose L. Perea, second, ever came into the hands of Mrs. Harrison as administratrix,—that she held the same as guardian up to the time of her death, but alleged that he and the defendant Grover William Harrison, a minor child of himself and his deceased wife, have succeeded to all the interest and rights of said Guadalupe Perea in and to the assets of said estate, and that for said reason the complainant is not entitled to a decree for anything upon said estate, but defendant alleges that "he is ready and willing to pay any sum for which he or the estate of Guadalupe Perea de Harrison may be found liable on said accounting." The answer also alleged that the complainant was one of the administrators of Jose L. Perea, the elder, and that as such he failed to account for a large sum of money, alleged to be $30,000, due and owing to the said Jose L. Perea, second, from the estate of his deceased father, and that large sums of money and large amounts of property had come into the hands of complainant, as one of the administrators of said deceased father, of which no account has been made by him, and that the pro rata share of said child, Jose L. Perea, second, in the assets so unaccounted for, would amount to $30,000. He also filed a cross bill, in which he set up these allegations more in detail, and made all the administrators of the older Perea parties defendant, and prayed for an accounting as to that estate. It appeared from the allegations of this cross bill that there was a suit then pending in the same court, brought by the defendant Harrison against the administrators and heirs at law of

the elder Perea, for the same relief as that sought by the cross bill in this cause. The complaint in this cause excepted to so much of the answer as set up matters relating to the estate of the elder Perea, upon the ground of impertinence, and demurred to the cross bill for the reason that the matters alleged therein were not germane to this action, and that it sought to make new parties, and was multifarious. The exceptions to the answer were sustained. And, while there is no order in the record to that effect, it is conceded by the counsel on both sides that the demurrer also was sustained, and the cross bill dismissed in the court below; that it was so treated by the parties in said court; and it is contended here that this court should so treat it, and pass upon the question as if the record showed the order sustaining the demurrer and dismissing the cross bill. To this proposition we give our assent; and we shall proceed to determine whether or not there was any error in sustaining the exceptions and demurrer, and dismissing the cross bill.

If the court below was of opinion that the matters set up in the answer were immaterial, and tended only to embarrass the litigation, it properly sustained the exceptions. There was a large amount of money ready for distribution among the heirs of the decedent minor child, and that there might be a further large sum recovered at some future time was not a sufficient reason to delay distribution of that which was ready for distribution. Story, Eq. Pl., sec. 863. It is not the office of a cross bill to bring new parties before the court, and, besides, the matters set up in the cross bill are not germane to the subject-matter of the original bill. The demurrer was, therefore, properly sustained. Id., sec. 389; Shields v. Barrow, 17 How. 130.

*Estate of deceased person: bill for distribution: answer and cross bill: exceptions: demurrer.*

The contention advanced that, subsequent to the death of the decedent child, his estate remained in the

RIGHT of adminis-
tratrix, succeed-
ing herself as
guardian, to es-
tate of ward.
hands of Guadalupe Perea de Harrison, as guardian, and did not pass to her as administratrix, can not be conceded. The report of said guardian, made during the life of said child, revealed an estate immediately ready for distribution at the death of said child, and the report made by her subsequent to his death disclosed that the same was still intact, and had increased more than $7,000. We hold that by operation of law the administratrix, who succeeded herself as guardian, became immediately (in conjunction with her coadministrator) vested with the control and administration of said estate, and that this transfer by law was not arrested by the fact that there may have been no final settlement of her guardianship. It is to be observed, however, that this report was filed as "a final report," and it was an announcement that the estate (no credits being claimed against it by the guardian) was ready for delivery. The case went to a master, who found all the material facts in favor of complainant, and said master stated an account more favorable to the defendant than the facts justified; but we will not disturb his findings, abundantly sustained by the evidence and the rules of law applicable to such cases. Dillman v. Hastings, 144 U. S. 136, 12 Sup. Ct. 662; Wormley v. Wormley, 8 Wheat. 21; Davis v. Schwartz, 155 U. S. 631, 15 Sup. Ct. 237.

Complaint is made that the decree in this case was against the defendant personally, and not as administrator. The evidence establishes that for the period of time which elapsed between the death of his wife and defendant's qualification as her administrator, nearly three months, defendant was in possession of the assets of the estate, with full knowledge of its trust character, and without the shadow of right to hold them, claiming them for reasons plainly insufficient in law, and

PERSONAL
liability of ad-
ministrator
for trust funds
held by him
individually.

tauntingly asserting his intention to retain them.    It is also to be noted that the record does not show that, as administrator of his deceased wife, he ever charged himself with one dollar of these assets, or that they entered into the inventory of her estate, or that they were ever treated by him as a portion of his said wife's estate.    It is also shown by his own testimony that he continues in possession of such assets, and that they are deposited in the bank to his credit.    Having appropriated them individually, he is estopped to deny his individual liability.    We, therefore, hold that the facts are complete to establish a case for a decree against him as an individual.    1 Perry, Trusts, secs. 129, 217; 2 Id., sec. 828.    It was earnestly contended by counsel for appellant that the allowance for solicitors' fees without evidence as to the value of the services performed is unwarranted and illegal.    We think, however, that the authorities abundantly support the practice followed in this case of charging these fees against the fund, upon the knowledge of the court and the master as to what is just compensation.    Some of these authorities are cited in the brief of counsel for appellee.    Ex parte Plitt, 2 Wall. Jr. Fed. Cas. No. 11,228; Trustees v. Greenough, 105 U. S. 532; Fowler v. Equitable Trust Co., 141 U. S. 415, 12 Sup. Ct. 8. Nevertheless it appears that the solicitors' fee for the complainant, considering the amount involved, is large.    We have also determined that we should reduce the master's fee in this case to the sum of $500, and we direct that the solicitors for complainant be allowed a fee of ten per cent upon the total amount in the hands of the defendant, with interest at six per cent, calculated to this date.    We find that the commissions of the administrator are in accordance with the statute, and the amount of the same will be calculated as in the decree appealed from.

TAXATION of costs: solicitor's fee.

As to the claim that Mrs. Harrison is entitled to share these commissions, it is sufficient to say that both she in her lifetime, and the defendant Harrison ADMINISTRATOR's then and after her death, always insisted commissions. that she never held the funds as administratrix, and denied participation in their control as coadministrator for said reason, and no claim for such commissions was ever made until after the case came into this court. It is, therefore, too late to assert the same, even if it were well founded. Lloyd v. Preston, 146 U. S. 630, 13 Sup. Ct. 131; San Pedro & Canondel Agua Co. v. U., S. 146 U. S. 120, 13 Sup. Ct. 94. We, therefore, direct that a decree be prepared in accordance with this opinion, and entered as the decree of this court against the appellant and the sureties on his appeal bond, and that all costs of both courts, including master's and solicitor's fees, be paid out of the fund in appellant's hands, and the remainder, less administrator's commissions, be distributed by said decree.

LAUGHLIN and HAMILTON, JJ., concur.