In re NATIONAL TELEPHONE MFG. CO.

(Circuit Court of Appeals, First Circuit. February 10, 1916.)

No. 1161.

1. JUDGES ⬉16—SUBSTITUTE JUDGES—APPOINTMENT—VALIDITY.

Rev. St. § 591, provided that, when any District Judge was prevented by disability from holding court in the absence of the other judges, as appears by the certificate of the clerk to the Circuit Judge or Circuit Justice, such Circuit Judge or Justice might appoint the judge of any other district in the same circuit to hold such courts. Section 592 provided that when the urgency of business in any District Court required such appointment, as appeared by the certificate of the clerk to the Circuit Judge or Justice, such Circuit Judge or Justice might appoint the judge of any other district to exercise within the district the powers vested in the judge thereof. Section 596 provided that it should be the duty of every Circuit Judge, whenever the public interest so required, to appoint the District Judge of any judicial district within his circuit to hold a District or Circuit Court in the place or in aid of any other District Judge within such circuit. *Held,* that a District Judge, appointed by a Circuit Judge under section 596 to hold the Circuit Court for a district other than his own district, was authorized to determine a case tried at such term of the Circuit Court, though it did not appear that the appointment was made in response to a certificate of the clerk, as section 596 does not require the clerk's certificate as a condition to the exercise of the power of appointment thereunder, as is required by sections 591 and 592.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 46, 53–59; Dec. Dig. ⬉16.]

2. JUDGMENT ⬉407—VACATING OR SETTING ASIDE—JURISDICTION.

A District Judge did not err in declining to entertain a motion and petition to vacate a judgment on the ground that the moving party had taken a writ of error from the Supreme Court, which was dismissed for want of jurisdiction, and that the time had elapsed within which a writ of error could be taken from the Circuit Court of Appeals, where the judgment was the one the court intended to enter and there were no clerical mistakes, and, treating the petition as a bill in equity, it was not alleged or contended that the petitioner had any equitable defense of which it could not avail itself at law, or a good defense at law of which it was prevented from availing itself by fraud, or accident unmixed with negligence of itself or its agents, as, after the term ended at which it was entered, the judgment passed beyond the control of the court, and errors therein could only be corrected by writ of error or appeal.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 768–771, 773, 774; Dec. Dig. ⬉407.]

Original petition by the National Telephone Manufacturing Company for a writ of mandamus, directed to Clarence Hale, District Judge for the District of Maine, holding District Court in the District of Massachusetts. Petition dismissed.

Henry T. Richardson, of Boston, Mass., for petitioner.
Charles H. Swan, of Boston, Mass., for respondent.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

BINGHAM, Circuit Judge. This is a petition for a writ of mandamus directing the Honorable Clarence Hale, District Judge of the Dis-

trict of Maine, holding the District Court in the District of Massachusetts, to permit certain motions and a petition to be filed, and to consider and determine the same and enter thereon some final order, so that the petitioner, if so advised, may, by appeal or other appropriate remedy, bring the questions involved before this court for final determination.

It seems that in January, 1904, the petitioner brought a suit in the Circuit Court for the District of Massachusetts against the American Bell Telephone Company, which was heard before Judge Hale and a jury at the February term, 1910; that a verdict was directed for the defendant at that term, and judgment entered thereon February 27, 1911, during the October term, 1910; that May 4, 1911, a writ of error was sued out from the Supreme Court (226 U. S. 600, 33 Sup. Ct. 114, 57 L. Ed. 376); and that on November 11, 1912, that court dismissed the writ for want of jurisdiction. In September and December, 1913, a motion and a petition were handed to the clerk of the District Court of Massachusetts, in each of which it was sought to have the judgment entered February 27, 1911, vacated; and in December, 1913, two motions were handed to the clerk, seeking to have the record corrected by striking from the docket of the court all entries in the cause made subsequent to February 21 and October 26, 1910.

As a writ of mandamus is never granted in a case where, if issued, it would prove unavailing, it becomes necessary for us to inquire whether the petition states grounds which would warrant the relief prayed for.

[1] The first ground relied on by the petitioner is that Judge Hale was not duly authorized to hold the terms at which the case was tried and the judgment was entered.

It appears that on February 23, 1910, the Honorable Francis C. Lowell, then a United States Circuit Judge for this Circuit, designated Judge Hale to hold the February term of the Circuit Court, and that the records of the court contain the following entry:

"Circuit Court of the United States.

"District of Massachusetts.

"Whereas, in my judgment the public interest so requires, I do hereby designate and appoint the Honorable Clarence Hale, District Judge for the District of Maine, to hold the February term, 1910, of the Circuit Court of the United States, for the District of Massachusetts.

"Witness my hand, at Boston, in the District of Massachusetts, this twenty-third day of February, in the year of our Lord one thousand nine hundred and ten.                                        Francis C. Lowell, U. S. Circuit Judge."

And that on October 18, 1910, the Honorable Le Baron B. Colt, then a Circuit Judge for this Circuit, issued a like order designating Judge Hale to hold the October term, 1910, of the Circuit Court, as shown by the records of said court.

In support of the petitioner's contention, it is pointed out that the records of the court fail to disclose that either appointment was made in response to a certificate of the clerk, under seal of the court, as required by sections 591 and 592 of the Revised Statutes of the United States, and that under these sections of the statutes such a certificate

is made a condition precedent to the power of the Circuit Judge to make the appointment.

It is true that, under sections 591 and 592, the conditions there provided for, namely, disability of the local District Judge (section 591), or an accumulation of business (section 592), are required to be set out in a certificate of the clerk under seal of the court as the occasion for an appointment under the respective sections. But the appointments in question were not made under either of these sections of the statutes, but under section 596, which provides:

"It shall be the duty of every Circuit Judge, whenever in his judgment the public interest so requires, to designate and appoint, in the manner and with the powers provided in section five hundred and ninety-one, the District Judge of any judicial district within his circuit to hold a District or Circuit Court in the place or in aid of any other District Judge within the same circuit; and it shall be the duty of the District Judge, so designated and appointed, to hold the District or Circuit [Court] as aforesaid, without any other compensation than his regular salary as established by law, except in the case provided in the next section."

This section does not require the certificate of the clerk as a condition to the exercise of the power of appointment. In McDowell v. United States, 159 U. S. 596, 600, 16 Sup. Ct. 111, 112 (40 L. Ed. 271), Mr. Justice Brewer, in discussing this provision of the statutes, said:

"This gives full power to the Circuit Judge to act without reference to any certificate from the clerk, whenever in his judgment the public interests require."

And Chief Justice Fuller, in Ball v. United States, 140 U. S. 118, 128, 11 Sup. Ct. 761, 765 (35 L. Ed. 377), in explaining the provisions of this section, and particularly the clause, "in the manner and with the powers provided in section five hundred and ninety-one," said:

"This section contemplates that the appointment made under it should state what court the appointee was to hold, and that it was in place of the judge of the District Court, or in aid of him, and that the appointment should be filed and entered on the minutes, as provided in section 591."

We are of the opinion, therefore, that Judge Hale was duly authorized to hear and determine the cause.

[2] In support of its motion and petition to vacate the judgment upon which Judge Hale refused to take any action for the reason, as stated by him, that the case had passed beyond his control, the petitioner offers no suggestion other than that it would be equitable, in view of the fact that it had taken a writ of error from the wrong court and more than six months had elapsed within which a writ of error could be taken from this court (Act March 3, 1891, c. 517, § 11, 26 Stat. 829; Rev. Stat. Supp. vol. 1, p. 904), to require the District Judge to vacate the judgment and enter a new judgment from which a writ of error might be had and the exceptions taken and saved at the trial passed upon by this court.

It is not contended that the judgment entered is not the one the court intended to enter or that the record contains any clerical mistakes.

"The case, therefore, does not come within the rule, that a court, after the expiration of the term, may, by an order nunc pro tunc, amend the record by inserting what had been omitted by the act of the clerk or of the court. In re Wight, Petitioner, 134 U. S. 136, 144, 10 Sup. Ct. 487, 33 L. Ed. 865; Fowler v. Equitable Trust Co. (1) 141 U. S. 384, 12 Sup. Ct. 1, 35 L. Ed. 786; Galloway v. McKeithen, 27 N. C. 12, 42 Am. Dec. 153; Hyde v. Curling, 10 Mo., 359. Nor is this a suit in equity to set aside or vacate the judgment upon any of the grounds on which courts of equity interfere to prevent the enforcement of judgments at law." Hickman v. Ft. Scott, 141 U. S. 415, 418, 12 Sup. Ct. 9, 10 (35 L. Ed. 775).

"A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense of which he could not avail himself at law, because it did not amount to a legal defense, or had a good defense at law, which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents." Phillips v. Negley, 117 U. S. 665, 675, 6 Sup. Ct. 901, 905 (29 L. Ed. 1013).

If the petition presented to the District Court could be treated as a bill in equity, it does not allege, and it is not contended, that the petitioner had an equitable defense to the action of which it could not avail itself at law, or that it had a good defense at law of which it was prevented from availing itself by fraud or accident, unmixed with negligence of itself or its agents. And as the judgment, after the term ended at which it was entered, passed beyond the control of the court, and, if errors existed, they could "only be corrected by such proceeding by a writ of error or appeal as may be allowed in a court which, by law, can review the decision" (Bronson v. Schulten, 104 U. S. 410, 415 [26 L. Ed. 797]), we are of the opinion that Judge Hale did not err in declining to entertain the motion and petition.

The petition is dismissed, with costs.