By the Court.
Upon the undisputed facts presented by the pleadings a peremptory writ of mandamus cannot be awarded the relators. Under the provisions of Section 1465-90, General Code, authority is conferred to tax against the unsuccessful party the costs of any legal proceeding authorized by that section, including the attorney’s fee for the claimant’s attorney, to be fixed by the trial judge; however, it here appears that no question of the allowance of an. attorney’s fee or the taxing of same as a part of the costs was raised or presented in the trial court, and no action whatever taken with reference thereto, until after the judgment in favor of Phillips had been affirmed by the Court of Appeals and the Supreme Court and the cause remanded to the court of common pleas for execution. The costs which were taxed became *264 a part of the judgment which was submitted to, and affirmed by, the Court of Appeals and the Supreme Court, and that judgment has been paid.
This proceeding in mandamus is based upon subsequent action of the trial court after affirmance of the judgment in the Supreme Court, and upon hearing the trial court rendered a further judgment for attorney fees in favor of the plaintiff. No action was then pending in that court. The suit had terminated in final judgment, which, upon proceedings in error, was affirmed and remanded to the trial court for execution. The trial court had no further authority in the matter and certainly could not render an additional judgment for attorney fees, or medical expenses, or any other item which under the law could have been considered in the making of an award and the rendition of judgment thereon. The action taken by the trial court was not in the nature of a nunc pro tunc entry. It was not a case of mere clerical error, or an omission to put in the record and enter on the journal action which had in fact been taken by the court; no such action had been taken; hence, this case does not come within the rule under which a nunc pro tunc entry may be made to supply some omission in the entry of what had been done at a preceding term. Hickman v. Fort Scott, 141 U. S., 415, 12 S. Ct., 9, 35 L. Ed., 775, and In re Wight, 134 U. S., 136, 10 S. Ct., 487, 33 L. Ed., 865. Here the court was without power to go further than to require the entry of that which had been done, but had been omitted from the record. The court being without authority to *265 render an additional judgment, there was nothing upon which to base the proceeding in mandamus.

Writ denied.

Marshall, C. J., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.
Robinson, J., dissents.