**REED et al. v. HOWBERT, Collector of Internal Revenue.**

No. 1168.

Circuit Court of Appeals, Tenth Circuit.

April 29, 1935.

J. Churchill Owen, of Denver, Colo. (Peter H. Holme, Harold D. Roberts, and Robert E. More, all of Denver, Colo., on the brief), for appellants.

J. P. Jackson, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for the United States.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

The executrix of Verner Z. Reed's estate instituted an action on June 30, 1924, against the Collector of Internal Revenue of the District of Colorado to recover $978,-004.24 based on her claim that she had paid said sum to the Collector under duress on May 7, 1923, and that it had been erroneously or illegally assessed by the Commissioner as an additional federal estate tax against said estate. She also asked for interest on said sum "as provided by law from the 7th day of May, 1923." After issue joined the parties waited for final decision in Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081, then pending. Following the ruling in that case judgment was entered in favor of the executrix on July 6, 1927. It reads in this way:

"Wherefore, it is considered by the court that the plaintiff do have and recover of and from the defendant the sum of One Million, Two Hundred Twenty-two Thousand, Three Hundred Seventy-one Dollars and Thirty-three Cents ($1,222,371.33), her damages by her sustained by occasion of the premises in her complaint herein set forth and alleged in form aforesaid assessed, together with her costs in this behalf laid out and expended to be taxed."

The amount stated in the judgment was made up of the sum paid to the Collector on May 7, 1923, and interest up to date of judgment. On motion of plaintiff the court thereafter on July 19th issued a certificate of probable cause for the acts of the Collector in exacting the payment. This converted the personal action against the Collector into an action against the United States. Moore Ice Cream Co. v. Rose, 289 U. S. 373, 53 S. Ct. 620, 77 L. Ed. 1265.

On October 15, 1927, the United States paid the amount of said judgment to the executrix and costs of suit. No interest however was paid on the amount recovered between date of the judgment and date of its payment, and this constitutes the controversy in this case.

On August 25, 1928, shortly prior to final settlement and discharge of the executrix in probate, she by order of that court assigned whatever interest she and the estate had in the judgment to herself individually and the other beneficiaries of the will of decedent. Thereafter on June 12, 1930, long after the term at which the judgment against the Collector had been rendered and entered, she and the other beneficiaries filed a motion in the court below asking that she and they be substituted as parties plaintiff in said case. In substance they alleged that they were the sole residuary legatees and devisees of said decedent; and that by virtue thereof and the said assignment they were entitled to interest on said judgment from and after its date to date of payment, October 15, 1927. They attached to said motion to be substituted another motion in which they asked the court to amend the judgment of July 6, 1927, by adding thereto this: "and together with interest until paid at the same rate per annum as similar judgments bear in the courts of the state of Colorado," evidently relying on Rev. St. U. S. § 966, 28 USCA § 811.

Appellants assign as error the action of the court in denying the motion for substitution as parties plaintiffs and in refusing to allow them to file their motion to amend said judgment of July 6, 1927, by adding thereto the words set forth in that motion.

No claim is made or proof given that the judge in pronouncing judgment included interest thereafter, nor was there misprision of the clerk in writing it up. So far as claimed the judgment entered was in both form and substance as pronounced by the court. No judgment can be entered by the clerk if the judge remains silent or inactive. 1 Black on Judgments, § 1, gives this definition of a judgment: "the determination or sentence of the law, pronounced by a competent judge or court as the result of an action or proceeding instituted in such court,

affirming that upon the matters submitted for its decision a legal duty or liability does or does not exist." 1 Freeman on Judgments (4th Ed.) § 1, says that a judgment is, "the decision or sentence of the law pronounced by a court or other competent tribunal upon the matter contained in the record." In Hickman v. Fort Scott, 141 U. S. 415, 12 S. Ct. 9, 10, 35 L. Ed. 775, it is said to be the rule, "that a court, after the expiration of the term, may, by an order nunc pro tunc, amend the record by inserting what had been omitted by the act of the clerk or of the court." See, also, United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129; United Zinc & Chemical Co. v. Britt (C. C. A.) 264 F. 785. The power of the court in the respect here under consideration is not doubted, but its exercise depends on proof of the kind of judgment actually given; and there is none in this case that the court pronounced or directed the addition thereto set up in the motion. See, 1 Black on Judgments, §§ 130, 132; 1 Freeman on Judgments (4th Ed.) §§ 61, 63. In Section 68 Freeman says:

"The failure of a court to act, or its incorrect action, can never authorize a nunc pro tunc entry. If a court does not render judgment, or renders one which is imperfect or improper, it has no power to remedy any of these errors or omissions by treating them as clerical misprisions."

Here, as said, there is no claim that anything was omitted by the clerk, or that it was the expressed intention of the court that the phrase now sought to be added should go in the judgment. We are not impressed with the contention that the addition would be merely formal and not of substance. Appellants' counsel insists that section 1117 of the Revenue Act of 1926 (44 Stat. 119, 120, 28 USCA § 284 note) has no application to appellants' claim, and that they are entitled to interest after judgment under the terms of said section 966, Rev. St. U. S. (28 USCA § 811). This argument, without more, seems to demonstrate that their motion for amendment raised a question requiring judicial inquiry, consideration and determination, rather than one of simple formality. And, of course, that issue of law required determination when the judgment was rendered. It follows, if the court erred, it was judicial error not subject to correction in this proceeding. 1 Freeman on Judgments (4th Ed.) § 70; 1 Black on Judgments, §§ 154, 158; Goldreyer v. Cronan, 76 Conn. 113, 55 A. 594.

Substantively, appellants urge the application of said section 966, supra. This statute with modifications comes from the Act of August 23, 1842 (5 Stat. 518). It is a familiar principle that justiciable controversies can not be imposed on the sovereign without its consent, nor recovery had, not even costs, and we can not doubt that the statute relied on was intended to apply only to the ordinary litigant in the Federal courts and not to the United States. In United States ex rel. McLeod v. Sherman, 98 U. S. 565, 567, 25 L. Ed. 235, it is said: "Judgments, it is true, are by the law of South Carolina, as well as by Federal legislation declared to bear interest. Such legislation, however, has no application to the government." See, also, Angarica v. Bayard (U. S. v. Bayard), 127 U. S. 251, 260, 8 S. Ct. 1156, 32 L. Ed. 159; United States v. North Carolina, 136 U. S. 211, 10 S. Ct. 920, 34 L. Ed. 336. This is convincingly established, we think, in this suit by a special statute specifically made applicable to controversies of this kind. The Revenue Act of 1926 (44 Stat. 119, 120, 28 USCA § 284 note) amended section 177 of the Judicial Code so that the part applicable here reads thus:

"(b) In any judgment of any court rendered after the enactment of the Revenue Act of 1926 [February 26, 1926] (whether against the United States, a collector or deputy collector of internal revenue, a former collector or deputy collector, or the personal representative in case of death) for any internal-revenue tax erroneously or illegally assessed or collected, or for any penalty collected without authority or for any sum which was excessive or in any manner wrongfully collected, under the internal-revenue laws, interest shall be allowed at the rate of 6 per centum per annum upon the amount of such tax, penalty, or sum, from the date of the payment or collection thereof to the date of entry of such judgment or, if such judgment is reviewed by an appellate court, to the date of entry of final judgment."

Counsel argue with commendable zeal and ability that this statute exhibits no legislative intention to deal with the subject of interest on judgments of this character after the date of judgment, that it deals only with interest on the tax illegally exacted and paid, and that its purpose was to fix the rate of interest prior to judgment. The argument is persuasive, but it does not convince. We think the statute was all-inclu-

sive of the interest that could be recovered from the United States in cases of the kind here, under consideration. It was extended to final judgment, was to be included therein, and no other statute made it liable thereafter for such claim. It fixes the date when liability for interest begins and the date it terminates. The Court of Appeals for the District of Columbia in Mellon v. United States, 59 App. D. C. 149, 36 F.(2d) 609, so held, and we are in full accord.

Affirmed.