# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1749
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Miguel Suarez-Perez, | * | District of Nebraska. |
| | * | |
| Appellant. | * | |

_____

Submitted: October 16, 2006
Filed: April 18, 2007

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

RILEY, Circuit Judge.

Defendant Miguel Suarez-Perez (Suarez-Perez) was charged with one count of possession with intent to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Approximately eleven months after his arraignment, Suarez-Perez filed a motion to dismiss alleging Speedy Trial Act violations. The district court denied his motion. Thereafter, Suarez-Perez conditionally pled guilty, and the district court sentenced Suarez-Perez to 120 months' imprisonment.

Suarez-Perez appeals the district court's denial of his Speedy Trial Act motion to dismiss. For the reasons stated below, we reverse the district court's denial of the motion to dismiss, vacate Suarez-Perez's sentence, and remand the case to the district court for dismissal of Suarez-Perez's indictment. On remand, the district court must determine, taking into account the factors specified in 18 U.S.C. § 3162(a)(2), whether the dismissal should be with or without prejudice.

## I.    BACKGROUND

On January 28, 2004, in Omaha, Nebraska, a Douglas County deputy sheriff stopped a car driven by Suarez-Perez for a traffic violation. After conducting a routine check of Suarez-Perez's driver's license and registration, the deputy sheriff asked for and received permission to search Suarez-Perez's vehicle. While conducting the search, the deputy sheriff discovered methamphetamine and arrested Suarez-Perez. Suarez-Perez was charged with possession of methamphetamine with intent to distribute.

The following is a chronology of the relevant district court docket entries leading to Suarez-Perez's sentencing, together with an accounting of Suarez-Perez's speedy trial clock:

| Date | Action | Speedy Trial Days | |
|---|---|---|---|
| June 9, 2004 | Arraignment held; pretrial order entered setting motions deadline for June 29, 2004,[1] and setting trial for August 2, 2004. Speedy trial clock began to run on June 10, 2004. | | **0** |
| July 6, 2004 | District court reset trial for August 3, 2004. | June 10-July 5 | **26** |
| July 15, 2004 | District court reset trial for August 10, 2004. | July 7-July 14 | **8** |
| August 6, 2004 | Suarez-Perez, citing newly discovered evidence, filed a motion to continue.[2] | July 16-August 5 | **21** |
| August 9, 2004 | District court granted motion to continue and excluded time from August 6, 2004 to September 13, 2004 from speedy trial clock. | | **0** |

---

[1]We note the Seventh Circuit, in United States v. Montoya, 827 F.2d 143, 153 (7th Cir. 1987), stated a sua sponte routine scheduling order setting a deadline for filing pretrial motions results in excludable time under the Speedy Trial Act. However, other circuits like the Eleventh, in United States v. Williams, 197 F.3d 1091, 1095 n. 7 (11th Cir. 1999), the Sixth, in United States v. Moran, 998 F.2d 1368, 1370-71 (6th Cir. 1993), and the Ninth, in United States v. Hoslett, 998 F.2d 648, 656 (9th Cir. 1993), have refused to follow Montoya, instead holding a sua sponte routine scheduling order setting a deadline for filing pretrial motions does not result in excludable time. Because the parties and the district court did not raise this issue and have assumed the district court's routine order setting a deadline for filing pretrial motions does not result in excludable time, we will not address this issue.

[2]We also recognize there is a circuit split on the issue of whether the time requested for preparing pretrial motions is excluded from the speedy trial clock. Some circuits have said the time for preparing pretrial motions is excluded if the defendant requested such time. See United States v. Lewis, 980 F.2d 555, 564 (9th Cir. 1992); United States v. Wilson, 835 F.2d 1440, 1444-45 (D.C. Cir. 1987); United States v. Tibboel, 753 F.2d 608, 610 (7th Cir. 1985); United States v. Jodoin, 672 F.2d 232, 238 (1st Cir. 1982). However, the Sixth Circuit has stated, "The statute does not provide that a period allowed by the district court for preparation of pretrial motions is to be excluded from the seventy-day computations." Moran, 998 F.2d at 1371. Because the parties and the district court did not raise this issue and have assumed the time for preparing a pretrial motion is excluded from the speedy trial clock where (as here) the defendant requests such time, we follow the parties' and district court's calculation and do not decide this issue.

| | | | |
|---|---|---|---|
| August 17, 2004 | Suarez-Perez filed motion to suppress. After evidentiary hearing and receipt of transcript, matter was fully submitted to the court on November 7, 2004. | | **0** |
| December 7, 2004 | Magistrate judge filed Report and Recommendation (R&R) denying motion to suppress. No objections filed. | | **0** |
| January 18, 2005 | District court judge adopted R&R. Speedy trial clock restarted January 7, 2005–30 days after R&R was filed (18 U.S.C. § 3161(h)(1)(J)).[3] | January 7- January 17 | **11** |
| January 20, 2005 | District court entered nunc pro tunc order amending order of August 9, 2004, changing time period excluded from speedy trial clock to June 29, 2004 through September 13, 2004 (rather than August 6, 2004 through September 13, 2004). | January 19 | **1** |
| February 3, 2005 | Defense counsel moved to withdraw. | January 21- February 2 | **13** |
| February 10, 2005 | Evidentiary hearing held; motion to withdraw granted. District court tolled speedy trial clock from February 10, 2005 to March 3, 2005. | | **0** |
| March 8, 2005 | New counsel appointed on February 15, 2005. District court reset trial for March 29, 2005. | March 4- March 7 | **4** |
| March 10, 2005 | Change of plea hearing set for March 25, 2005. District court tolled speedy trial clock from March 10, 2005 to March 25, 2005. | March 9 | **1** |
| **Days Elapsed on Speedy Trial Clock:** | | | **85[4]** |

---

[3]The parties have 10 days to file objections to an R&R, and the speedy trial clock may not start for 40 days, rather than 30 days. See United States v. Long, 900 F.2d 1270, 1275 (8th Cir. 1990) (not counting the 10 days where R&R objections were made and tolling the speedy trial clock for 40 days). No objections to the R&R were filed here. The parties have not raised this 10-day tolling issue and have assumed 30 days is the correct tolling number. We do not decide this tolling issue, where no R&R objections are filed, because whether 75 or 85 days elapsed, the Speedy Trial Act requires dismissal. See United States v. Thomas, 788 F.2d 1250, 1257-58 (7th Cir. 1986) (analyzing the 10 day tolling issue and concluding "[t]here is no need of a further enlargement past 30 days"); but see United States v. Jenkins, 92 F.3d 430, 439 (6th Cir. 1996) (reaching opposite result without analysis).

[4]Suarez-Perez disputes whether the dates the district court entered its Memorandum and Order adopting the magistrate judge's R&R, orders setting trial dates, and the nunc pro tunc order constitute "other proceedings" under § 3161(h)(1)

Suarez-Perez filed several pretrial motions, including motions to continue, to cancel the plea hearing, to request a new change of plea hearing, and on May 7, 2005, to dismiss based on Speedy Trial Act violations.[5] The district court denied Suarez-Perez's motion to dismiss. On March 8, 2006, reserving the right to appeal the district court's denial of his Speedy Trial Act motion to dismiss, Suarez-Perez conditionally pled guilty to possession with intent to distribute methamphetamine and was sentenced to 120 months' imprisonment. This appeal followed.

## II.    DISCUSSION

Suarez-Perez argues, inter alia, the district court erred in denying his motion to dismiss, because the January 20, 2005, nunc pro tunc order violated the Speedy Trial Act. We agree.

In the context of the Speedy Trial Act, we review the district court's findings of fact for clear error and its legal conclusions de novo. United States v. Titlbach, 339 F.3d 692, 698 (8th Cir. 2003) (quotation marks and citation omitted). Under the Speedy Trial Act, a defendant must be brought to trial within 70 days of his indictment or first appearance, whichever is later. Id.; see 18 U.S.C. § 3161(c)(1). However, the Act permits the district court to exclude delays when it finds "the ends of justice . . . outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). If a defendant is not brought to trial within the time limit required by 18 U.S.C. § 3161(c) as extended by the excludable delays of § 3161(h), the information or indictment shall be dismissed on motion of the defendant. Id. § 3162(a)(2).

---

of the Speedy Trial Act, and whether they should be excluded from the speedy trial clock calculations. However, our computations show, without taking these dates into account, the speedy trial clock is well over the 70-day mark set by the Speedy Trial Act; thus, we do not address those issues.

[5]Because our computations reflect more than 70 days had elapsed on the speedy trial clock as of March 10, 2005, we do not decide the impact of any subsequent motions to Suarez-Perez's speedy trial clock calculations.

The government asserts the magistrate judge entered the January 20, 2005, nunc pro tunc order to correct an error in his August 9, 2004, order granting Suarez-Perez's motion to continue. The government contends the original order incorrectly tolled the speedy trial clock from August 6, 2004 (the date Suarez-Perez filed the motion to continue) to September 13, 2004, when instead the speedy trial clock should have been tolled from June 29, 2004 to September 13, 2004. The government provides no legal or factual basis for retroactively tolling the speedy trial clock 38 days before Suarez-Perez filed his motion to continue the trial.[6]

The function of a nunc pro tunc order is to correct clerical or ministerial errors, including typographical errors, or to reduce an oral or written opinion to judgment; the function is not to make substantive changes affecting a party's rights. See Transamerica Ins. Co. v. South, 975 F.2d 321, 325-26 (7th Cir. 1992). The Latin phrase nunc pro tunc, which means now for then, "is merely descriptive of the inherent power of the court to make its records speak the truth–to record that which was actually done, but omitted to be recorded. It is no warrant for the entry of an order to record that which was omitted to be done." W.F. Sebel Co. v. Hessee, 214 F.2d 459, 462 (10th Cir. 1954); see also Melon v. St. Louis Union Trust Co., 240 F. 359 (8th Cir. 1917) (citing Hickman v. Fort Scott, 141 U.S. 415, 418 (1891)). In other words, using a nunc pro tunc order "[a] judge may correct a clerical error at any time. . . . But he may not rewrite history." United States v. Daniels, 902 F.2d 1238, 1240 (7th Cir. 1990). The January 20, 2005 order is not cloaked in language correcting a clerical error; its effect is to rewrite history and substantially change Suarez-Perez's Speedy Trial Act rights.

To toll the speedy trial clock for the ends of justice, the district court's ruling and the record clearly must reflect adequate grounds for the tolling. See Zedner v. United States, __ U.S. __, 126 S. Ct. 1976, 1989-90 (2006) (concluding "if a judge

_____

[6]A defendant may not prospectively waive application of the Speedy Trial Act. See Zedner v. United States, __ U.S __, 126 S. Ct. 1976, 1985-88 (2006).

fails to make the requisite findings regarding the need for an ends-of-justice continuance, the delay resulting from the continuance must be counted, and if as a result the trial does not begin on time, the indictment . . . must be dismissed"). The district court's justifications to begin tolling the speedy trial clock on June 29, 2004, rather than on August 6, 2004, are indeterminate, because nothing occurred during that period to toll the speedy trial clock. The district court's July 6, 2004, order expressly noted: "This case is currently pending on the docket of [the district court judge]. No substantive motions were filed and time is running under the Speedy Trial Act." Only two additional entries appear on the docket after this order and before August 6, 2004: (1) a standard order dated July 14, 2004, setting the rules for trial; and (2) an order dated July 15, 2004, moving the trial from August 3, 2004 to August 10, 2004. Neither entry affected the speedy trial clock.

The nunc pro tunc order states it was necessary to exclude the period of time from June 29, 2004 to September 13, 2004, because "[Suarez-Perez's] counsel require[d] additional time to adequately prepare the case." However, (1) this rationale does not correct a clerical error; (2) nothing was pending on June 29, 2004; and (3) the record does not show Suarez-Perez's counsel requested additional time to prepare for trial. At the time, Suarez-Perez did not know about the new evidence that eventually prompted the filings of his motions to continue and suppress. The January 20, 2005, nunc pro tunc order fails to declare the requisite findings to support an ends of justice continuance, and no factual basis exists to exclude the thirty-eight day period of June 29, 2004 to August 6, 2004, from the speedy trial clock.

Absent exceptional circumstances, the district court should not enter an "ends of justice" continuance after the period sought to be excluded begins to run. See United States v. Brenna, 878 F.2d 117, 122 (3d Cir. 1989) (per curiam) (holding an ends of justice continuance "cannot be entered *nunc pro tunc* . . . . The order continuing the case must be entered *before* the days to be excluded"). The Speedy Trial Act does not provide for retroactive continuances. See United States v. Janik, 723 F.2d 537, 545 (7th Cir. 1983) (holding a "continuance itself must be granted before the period sought to be excluded begins to run. Since the Act does not provide

for retroactive continuances a judge could not grant an 'ends of justice' continuance *nunc pro tunc . . .*" (internal quotation and citation omitted)).  In Suarez-Perez's case, the purpose of the district court's nunc pro tunc order undermines the strict limits of the Speedy Trial Act.  Over 70 days elapsed on Suarez-Perez's speedy trial clock.  Therefore, the case must be remanded for dismissal of the indictment.[7]  Zedner, __ U.S. at __, 126 S. Ct. at 1990.

## III.    CONCLUSION

For the reasons stated, we reverse the district court's order denying Suarez-Perez's Speedy Trial Act motion to dismiss and vacate Suarez-Perez's sentence.  The case is remanded to the district court for a dismissal of Suarez-Perez's indictment.  On remand, it is for the district court, in the first instance, to determine whether dismissal should be with or without prejudice, taking into account the factors specified in § 3162(a)(2).  See 18 U.S.C. § 3161(d)(1); United States v. Giambrone, 920 F.2d 176, 179-80 (2d Cir. 1990); see also 18 U.S.C. § 3288; Zedner, __ U.S. at __, 126 S. Ct. at 1984-85, 1990.

——————————————————

[7]Having made this determination, we need not address the other issues Suarez-Perez raised on appeal, namely, whether the nunc pro tunc order violated his due process and ex post facto rights.