## PROVIDENCE COUNTY.

ALLEN K. WILSON *vs.* EDWARD F. DONNELLY *et al.*

An action on a bond to satisfy a judgment given to an officer for the purpose of dissolving an attachment, must be brought in the name of the officer; but as he is merely a nominal party his neglect to file the bond with the clerk of the court to which the writ in the attachment suit is returnable, as required by Pub. Stat. R. I. cap. 207, § 18, in consequence of which a surety in the bond was led to surrender the security he had taken on becoming surety, constitutes no defence against the surety's liability on the bond.

*Semble,* that the surety's remedy in such case if he has been injured by the officer's neglect to file the bond would be against the officer.

DEFENDANT'S petition for new trial.

This was an action of debt on a bond brought in the District Court of the Tenth Judicial District, August 15, 1893. The bond was conditioned to satisfy a judgment and was given to the plaintiff for the purpose of dissolving an attachment made by him on a writ against the defendant Edward F. Donnelly.

*May* 16, 1895.   PER CURIAM.   We do not think that the defendants make a case for a new trial. Though the plaintiff may have no personal interest in the bond in suit, but

only as trustee for the plaintiff in the attachment suit in which it was given, the bond runs to him and suit on it must be brought in his name. The exceptions were presented to the court for allowance three days later than the extended time allowed by the court. The court could not do otherwise than disallow them for that reason. The petition does not set forth nor is there any affidavit accompanying it which sets forth the facts on which the accident, mistake or unforeseen cause relied on as the ground of a new trial arose.

The defence set up by the defendant John F. Donnelly against his liability on the bond in suit, as appears by the statement of exceptions on file among the papers, was that the plaintiff on accepting the bond did not file it with the clerk of the court as provided by Pub. Stat. R. I. cap. 207, § 18, and that the defendant surety in consequence of such neglect was led to surrender the security which he had received for becoming surety. We do not think that such neglect of the officer would constitute any defence to the present suit in which he is merely a nominal party, the real party in interest being the plaintiff in the attachment, to dissolve which the bond was given. If the surety has been injured by the officer's neglect to file the bond as alleged, his remedy would seem to be a suit against the officer.

*Thomas W. Robinson*, for plaintiff.

*Thomas J. McParlin*, for defendants.