BROWN v. UNITED STATES.

CHRISTOPHER v. SAME.

(Circuit Court of Appeals, Seventh Circuit.   January 2, 1912.)

Nos. 1,763, 1,764.

1. APPEAL AND ERROR (§ 883*)—REVIEW—ESTOPPEL TO ALLEGE ERROR.

On review by an appellate court of a judgment imposing sentences for contempt in disobeying an order which required defendants to produce certain papers before a grand jury, which order was entered with their consent, no question of procedure or of privilege existing prior to such order can be raised, having been waived by their consent thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3611; Dec. Dig. § 883.*]

2. JUDGMENT (§ 315*)—AMENDMENT OF RECORD—POWER OF COURT AFTER TERM.

A court had authority, by a nunc pro tunc order made at a subsequent term, to amend the record of findings on which a judgment for contempt was based, by adding to such findings others which, as shown by the bill of exceptions taken by defendants, were in fact made at the time of the hearing.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 613; Dec. Dig. § 315.*]

3. CONTEMPT (§ 24*)—ACTS CONSTITUTING CONTEMPT.

A judgment imposing sentences for contempt against defendants for refusing to produce papers before a grand jury in compliance to an order therefor made with their consent held supported by evidence showing that they had the papers in their possession when in the jury room, but denied the fact, both then and after being brought into court and sworn.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 71–74; Dec. Dig. § 24.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

From judgments for contempt of court, entered at the instance of the United States against John A. Brown and Aileen Christopher, defendants bring error.   Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James Hartnett and J. K. McMahon, for plaintiffs in error.
James H. Wilkerson and Albert G. Welch, for the United States.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. These writs of error assail judgments for contempt of court, under which Brown was sentenced to imprisonment in the county jail for 70 days and Mrs. Christopher for 30.

On several occasions in late November and early December, 1910, Mrs. Christopher and Brown as her attorney were before the grand jury as witnesses in an anti-trust investigation. On December 8th the grand jury reported in writing to the court that these witnesses had refused to produce certain papers, including four Hittell checks. Thereupon the court entered an order requiring them to appear and answer on December 9th. They appeared. The court apprised them that the subject of inquiry was their refusal to produce the papers as reported by the grand jury, asked them if a postponement to the 10th would give them ample time, and at their request dispensed with written answers and agreed to hear orally all questions involved. Before the grand jury Mrs. Christopher, owner of the papers, had taken the position that they were exempt from seizure, and Brown had claimed that his knowledge of them was confidential. At the hearing on the 10th Mrs. Christopher and Brown agreed to produce on the court's order all the papers within their possession or under their control; and the court thereupon made the order and continued the matter till Monday the 12th.

[1] Here we suspend the narrative to note that all assignments of error based on the propositions that the grand jury had no jurisdiction, that Mrs. Christopher could not lawfully be compelled to produce the papers, that Brown's knowledge of the matter was privileged, that the grand jury's report was insufficient as a pleading, that there was error in proceeding to a hearing without written answers, and that the court's action in ordering Mrs. Christopher and Brown to produce the papers was illegal, are nugatory, because all questions of privilege were waived, the answers were taken orally by agreement, the order of December 10th was entered by consent, and particularly because, as will hereafter appear, the convictions of contempt were based, not on any conduct leading up to the order of December 10th, but on the contumacious behavior of these persons on the 12th, when they were pretending to obey the agreed order of the 10th.

On that day they produced what each asseverated was "all the papers, everything." The four Hittell checks were missing. After further testimony was heard, the court ordered these witnesses into the marshal's custody until they should produce the checks in question. (And no assignment based on this order can prevail, because the writs of error are not addressed to it, and because it was superseded by the judgments on review.) Leaving the courtroom with the marshal, Mrs. Christopher and Brown were joined by a Mrs. Roth, who accompanied them to the marshal's office. Mrs. Roth left the marshal's office, having in her possession the four Hittell checks, which had been given to her by Mrs. Christopher with the direction to get them out of the

federal building. When stopped in the corridor by Mr. Childs, assistant district attorney, Mrs. Roth denied that she had received any papers from Mrs. Christopher. Taken before the grand jury and sworn, she admitted that Mrs. Christopher had passed the checks in question to her on the way to the marshal's office. Mrs. Christopher and Brown were then, in the afternoon of the 12th, taken before the court. On her oath Mrs. Christopher denied having given the checks to Mrs. Roth, who, being put on the stand, contradicted her and produced the checks. Thus caught, Mrs. Christopher admitted the truth of this part of the matter, but denied that she had had the checks in the forenoon, when the remainder of the papers were being produced in court, claiming that they had been passed to her in the hall by a person whom she declined to name. Testimony of the marshal and others soon developed the fact that no one but Brown could have slipped the checks to Mrs. Christopher. Brown, after having first sworn that he had never seen the checks before Mrs. Christopher showed them to him in the marshal's office, at this point admitted the falsity of that statement and joined Mrs. Christopher in the claim that he had passed them to her in the hall, asserting for himself, however, that some person, to him unknown, had given them to him in the hall, with the direction "There are the Christopher checks, pass them to Mrs. Christopher." Other testimony pointed to the falsity of Brown's last position. (But, if the claim were true, it would have been Brown's duty to obey the court's order, not the stranger's.) Thereupon the court found each guilty of contempt in refusing to produce the Hittell checks in court on the 12th, while these witnesses were in court pretending to carry out the agreed order of the 10th, and continued the question of punishment until the next morning, when the judgments now on review were entered.

[2] On December·17th the writs of error were issued. January 20, 1911, plaintiffs in error presented to the District Court their bill of exceptions, which was then signed and filed. On March 13th, at a subsequent term, the District Court by a nunc pro tunc order substituted for the recorded finding of December 12th an amplified record of the court's finding, which included as contumacious acts in the court's presence the false statements on oath of these parties in attempting to shield their withholding of the checks. By certiorari the record of the amplified finding has been brought into these cases, subject to the question of its competency.

Generally a record cannot lawfully be amended after the term unless there are minutes of the clerk, notes of the judge, or other official evidence by which to amend. But the case of In re Wight, 134 U. S. 136, 10 Sup. Ct. 487, 33 L. Ed. 865, is authority for sustaining a nunc pro tunc entry when there is no evidence of the original official action beyond the judge's recollection of the facts. Here, however, the amendment was justified by the general rule; for the bill of exceptions, an official record of the District Court, shows that the court found the various excuses of plaintiffs in error to be false.

[3] Conviction need not be rested on the amended finding, for the essence of the offense was the willful withholding of the checks. If

plaintiffs in error also gave false excuses, that was incidental and collateral. That these persons had the checks in the courtroom before the judge on December 12th, and intentionally concealed them while making a voluntary production of the remaining papers, is a finding of fact which is abundantly sustained by the record.

These cases, therefore, were direct contempts of the court's authority, in the court's presence, and consequently no formal charge or writ or answer or trial was required. A summary inquiry and a record of the finding and punishment were sufficient to constitute due process of law. Ex parte Terry, 128 U. S. 289, 9 Sup. Ct. 77, 32 L. Ed. 405; Savin, Petitioner, 131 U. S. 267, 9 Sup. Ct. 699, 33 L. Ed. 150.

The judgments are severally affirmed.