## Jesse Sims, Appellant, v. City of Moline and Kate Anderson, Appellees.

### Gen. No. 6,899.

1. DEATH—*necessity of suing in name of personal representative.* Under chapter 70, sec. 1 (Cahill's Ill. St. ch. 70, ¶ 1), relating to recovery in actions for causing death, and section 2 (Cahill's Ill. St. ch. 70, ¶ 2), providing that such actions shall be brought by the personal representative, only one action was authorized, and one recovery for the entire loss and damage caused by the death, and suit must be brought in the name of the personal representative and, therefore, a suit by a father in his own name to recover for the loss of the services of his minor son, whose death was charged to have been caused through the negligence of the defendants, was properly dismissed even after a demurrer had been withdrawn and the general issue filed.

2. DEATH—*suit by father in own name for death of son, properly dismissed.* In an action by a father in his own name to recover for the loss of the services of his minor son until majority, the cost of burial, and the loss of time by the father, where the declaration set up the fact that the suit was brought by plaintiff in his own name, and that the death of the son was caused through the alleged negligence of the defendants, the court properly entertained a motion to dismiss after a demurrer had been withdrawn and the general issue filed, as the court had no jurisdiction of the subject-matter, the personal representative being the only person who could bring suit.

3. TRIAL—*objection to want of jurisdiction of subject-matter by motion to dismiss.* Want of jurisdiction over the person may be waived, but jurisdiction of the subject-matter cannot be conferred by consent, and therefore cannot be waived by either party, and objection to such jurisdiction may be taken by motion to dismiss, and such motion may be made at any time.

Appeal from the Circuit Court of Rock Island county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the May term, 1921. Affirmed. Opinion filed November 2, 1921.

PETER R. INGELSON and ANDREW L. CHEZEM, for appellant.

JAMES JOHNSTON and GEORGE W. WOOD, for appellees.

MR. JUSTICE PARTLOW delivered the opinion of the court.

This is an action on the case brought by appellant, Jesse Sims, in the circuit court of Rock Island county against appellees, the City of Moline and Kate Anderson, to recover damages for the death by drowning of Harold Sims. To the declaration appellees filed the general issue. Subsequently a motion was made to dismiss the suit, the motion was allowed, the suit was dismissed and this appeal was prosecuted.

The declaration contains five counts and sets up in various ways the following facts: The appellant lived in the City of Moline with his son, Harold Sims, 12 years old, near a lot owned by appellee, Kate Anderson. Upon this lot and abutting on the streets and alleys on its four sides was a deep pond or lake which was being filled with refuse, dirt and rubbish. This pond was located in a thickly settled part of the city and was left unfenced and unguarded at all times. By reason of its close proximity to dwellings and the attractive and curious nature of the rubbish dumped upon the lot, together with the water of the pond, it is claimed the pond afforded an attractive and inviting place for children to congregate and play. An old discarded mortar box much resembling a flat boat or barge was floating in the water. Harold Sims got into the mortar box and attempted to row across the pond. The box upset, threw the boy out and he was drowned in about 14 feet of water. He left no estate and the father brought this action in his own name, without administration, to recover for the loss of the services of the child until he should have reached his majority, the costs of his burial and the loss of time of the father caused by the death.

The motion of appellees to dismiss the suit was upon the ground that actions of this kind can only be maintained by an administrator of the deceased. The

sustaining of this motion and the dismissal of the suit are the questions raised upon this appeal.

At common law no action could be maintained for damages resulting from the death of a person caused by the wrongful act of another. *Holton v. Daly,* 106 Ill. 131. For the purpose of affording a cause of action in case of death which did not exist under the common law, our statute on injuries was passed. Section 1, ch. 70, of the Statute (Hurd's Rev. St. 1919, page 1663, Cahill's Ill. St. ch. 70, ¶ 1) provides that whenever the death of a person shall be caused by the wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or the company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. Section 2 (Cahill's Ill. St. ch. 70, ¶ 2) provides that every such action shall be brought by and in the name of the personal representative of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law.

Appellant contends that this statute is not controlling for the reason that the father had a right, without regard to the appellees' wrongful act or the child's death, to the services of his child, and whether appellees injured the child or caused his death the father had the right to his services until the child reached its majority, and it made no difference whether the child lived unhurt, or was incurably crippled, or died, the right of the father to the services did not depend

upon any act of the appellees. The appellees by the nuisance complained of violated the father's right whether it was entirely cut off or only partially destroyed. The fact that death ensued did not affect the father's right of action against the appellees. It only affected the measure of his damages. There were two distinct injuries, one to the child and one to the father, and that this is a suit for damages to the father, limited to loss of services, funeral expenses, etc.

In *Ohnesorge v. Chicago City Ry. Co.*, 259 Ill. 424, the Supreme Court construed the sections of the statute in question. While the exact point here presented was not involved in that case, yet that question was incidentally passed upon. On page 430 it was said: "This statute was not a survival statute. It did not continue to the personal representative the cause of action that the injured party had under the common law, but it created a new and independent cause of action never before that time recognized as existing in this State. The cause of action brought by the personal representative was not intended to permit the widow and next of kin to recover for the pain and suffering of the deceased or for medical attendance and other expenses incurred in and about being healed of the injury. It was not designed by the legislature to give damages for any injury received by the deceased, but to create a cause of action in the name of the administrator for the pecuniary loss which the widow and next of kin may have sustained by reason of the death of the injured person, and the damages, when collected, were distributed, under the statute, to the widow and next of kin according to the rules for the distribution of personal property of persons dying intestate. The funds arising from this source were not a part of the estate of the deceased person and had never been held to be liable to the claims of creditors. The action is for the sole benefit of the

widow and next of kin, and is given to compensate them for the pecuniary loss sustained by the death of the husband or relative. (*Chicago & R. I. R. Co. v. Morris*, 26 Ill. 400.) Since the passage of the amendment to section 123 of the Act on administration of estates, approved April 1, 1872 [Cahill's Ill. St. ch. 3, ¶ 125], 'actions to recover damages for an injury to the person, except slander and libel,' survive the death of the person injured, but it was held in *Holton v. Daly, supra* [106 Ill. 131], that the action only survived in cases where the death was from some cause other than the injury. If death resulted from the injury the only action that could be maintained was by the personal representative under the Injuries statute of 1853. The entire separation of the two causes of action and the independence of each of the other may be illustrated by supposing that a person receives an injury, for which suit is brought by him, a recovery had and judgment satisfied. Afterwards the injured party dies from the effect of the injury. The recovery by the deceased, in his lifetime, for the injury sustained by him, under a common-law action, would not bar a suit by his personal representative for the benefit of the widow and next of kin under the statute of 1853. (*Holton v. Daly, supra.*)''

In *McFadden v. St. Paul Coal Co.*, 263 Ill. 441, the deceased was killed in a coal mine. Two suits were commenced, the first one under the Injuries Act and the second one under the Mining Act. There was a settlement of the second suit and that settlement was pleaded in bar in the first suit. On page 444 it was said: ''In providing a statutory remedy for the damages occasioned by death, the General Assembly, in the exercise of legislative discretion, might vest the right of action and the legal title to the damages recovered in an administrator, widow, lineal heirs or any person dependent on the deceased for support. In the general act the right of action is in the personal represen-

tative of the deceased, and the amount recovered is for the exclusive benefit of the widow and next of kin, to be distributed to such widow and next of kin in the proportion provided by law for the distribution of personal property left by persons dying intestate. In the case of a death coming within the provisions of the act in relation to mines, the right of action for the damages was vested in the widow, if there was one, and if there was no widow, then in the lineal heirs or adopted children, and in default of lineal heirs or adopted children, then in any other person or persons dependent for support on the deceased. The right of action for the damages in either case being purely statutory, it was within the power of the General Assembly, in conferring the right, to decide who should bring the action and how the damages should be distributed,—whether in accordance with the rules for the distribution of the personal property of persons dying intestate or by some other method,—and in either case the right conferred is to recover the whole damage. Under the act in relation to mines in force when suit was brought, as well as in the general act, the statute authorized but one action and one recovery for the entire loss and damage occasioned by the death.''

To the same effect see *City of Chicago v. Major,* 18 Ill. 349; *Crane v. Chicago & W. I. R. Co.,* 233 Ill. 259; *Prouty v. City of Chicago,* 250 Ill. 222; *Mooney v. City of Chicago,* 239 Ill. 414; *Harkin v. Ferro Concrete Const. Co.,* 185 Ill. App. 239. Under these authorities appellant had no cause of action at common law. The only cause of action surviving the death of his intestate was under the statute. The elements of damage were limited to those enumerated in the statute, namely, for pecuniary loss sustained by the death. The statute authorized but one action and one recovery for the entire loss and damage occasioned by the death and such a suit must be brought by and in the name of

the personal representative of the deceased for the benefit of the widow and next of kin and the amount recovered shall be distributed as provided by law.

When the motion to dismiss was filed by appellees the appellant moved to strike this motion from the files. It is insisted that the court erred in dismissing the case for the reason that the motion to dismiss came too late, being after a demurrer to the declaration had been filed and withdrawn and the general issue filed; that it presented matters properly cognizable by special demurrer or by special plea to the jurisdiction; that appellees should first have withdrawn the general issue before making the motion to dismiss.

Jurisdiction over the subject-matter cannot be conferred by consent of the parties. *Robertson v. Wheeler,* 162 Ill. 566. The want of jurisdiction over the person may be waived, but jurisdiction over the subject-matter cannot be conferred by consent and therefore cannot be waived by either party. *Peak v. People,* 71 Ill. 278. Objection to the jurisdiction may be taken by motion to dismiss for want of jurisdiction and it may be made at any time. *Goodwillie v. City of Lake View,* 137 Ill. 51; *Town of Audubon v. Hand,* 223 Ill. 367.

The declaration in each of its counts sets up the facts which are undisputed as far as appellant is concerned. These facts showed that the appellant had no cause of action against the appellees. It also appeared from these facts that the declaration could not be amended so as to state a cause of action without making new parties plaintiff. Under these conditions the court properly dismissed the suit upon motion.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*