## HAMMOND HOTEL & IMPROVEMENT CO. v. CHICAGO TITLE & TRUST Co. et al.

### No. 4574.

Circuit Court of Appeals, Seventh Circuit.
Dec. 15, 1931.

William J. Whinery, of Hammond, Ind., for appellant.

C. B. Tinkham and T. P. Galvin, both of Hammond, Ind., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellees, after this appeal was taken, were duly appointed receivers of Northwestern Terra Cotta Company which had brought this action to recover damages for breach of a contract, which it asserted it had entered into with appellant. The verdict and judgment in the District Court were for appellees. The contract, the existence of which is ques-

tioned, dealt with the manufacture and sale of the terra cotta material required in the construction of an addition or improvement to appellant's hotel.

Numerous errors are assigned by appellant, which we shall not separately state, because at the threshold of our consideration of them we are confronted by appellees' objection to the bill of exceptions.

Appellees contend that there is no valid bill of exceptions. Without a bill of exceptions, there exists no support for the assignments of error. It is contended that the District Court was without jurisdiction to sign the bill of exceptions, because it was not presented during the term at which the judgment was entered, and there was no order entered during such term fixing a later time for the presentation and settlement of the bill of exceptions.

As to the action taken and the dates thereof, the following is material:

Judgment was entered November 26, 1930, which was at the November term of the District Court where the trial was had. A motion for new trial was thereupon made, and on February 25, 1931, the court directed the entry of the following order:

"Motion for new trial overruled, and defendant given an exception."

On March 2, 1931, after the close of the November term, the court entered the following order:

"Motion for new trial overruled, and defendant given an exception. 60 days allowed for bill of exceptions."

Thereafter there was added to this order, the following words:

"This 2nd day of March, 1931."

On May 14, 1931, upon appellant's motion, the court entered the following order:

"And the plaintiff and defendant, being present in Chambers at South Bend, Indiana, before the Honorable Judge of said court, said motion is now submitted to the court for hearing and determination; and the said Judge of said court, having seen and inspected said motion, and being duly advised in the premises, now sustains and grants said motion, to which ruling of the court the plaintiff excepts.

"It Is Therefore Ordered that the said entry and order herein entered and made on the said 25th day of February, A. D. 1931, be, and the same is now hereby, amended and corrected to read as follows, to-wit: (omitting the caption).

"Motion for new trial overruled, and defendant given an exception. 60 days allowed for bill of exceptions.

"And It Is Further Ordered that said entry be made as of said 25th day of February, A. D. 1931, nunc pro tunc.

"Dated this 14th day of May, A. D. 1931."

 It is, of course, very well settled that, if a term of court has ended, the court's jurisdiction over a case disposed of during said term is terminated, unless the court has retained jurisdiction by an order entered during the term, retaining jurisdiction. Exporters of Manufacturers' Products v. Butterworth-Judson Company, 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663; Michigan Insurance Bank v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162; Hume v. Bowie, 148 U. S. 245, 13 S. Ct. 582, 37 L. Ed. 438; United States v. Todar (C. C. A.) 41 F.(2d) 146; Witte v. Franklin Fire Insurance Co. of Phil. (C. C. A.) 46 F.(2d) 894; Western Dredging & Improvement Company v. Heldmaier (C. C. A.) 116 F. 179. Such order may be entered in the given cause, or there may be a general order entered by the court which will have the effect of retaining such jurisdiction. The record above quoted shows that there was no order of the court entered at the November term extending the court's jurisdiction beyond the term and no order authorizing the presentation of a bill of exceptions made during the November term. Appellant seems to rely upon the so-called nunc pro tunc orders. The court so designated one, and the other, the order of March 2d, counsel urge was in fact a nunc pro tunc order. But a nunc pro tunc order may only be validly made where there is a proper basis for its entry. If the order actually entered fails, because of a mistake or omission of the clerk or judge to state what the court actually ordered, correction may properly be made through a nunc pro tunc order. Wight, Petitioner, 134 U. S. 136, 10 S. Ct. 487, 33 L. Ed. 865; The Bayonne, 159 U. S. 687, 16 S. Ct. 185, 40 L. Ed. 305; Klein v. Southern Pac. Co. (C. C.) 140 F. 213; The Princess Sophia (D. C.) 36 F.(2d) 591; United States v. C. & A. R. Co. (C. C. A.) 250 F. 101; Brown v. United States (C. C. A.) 196 F. 351; Western Dredging & Improvement Co. v. Heldmaier (C. C. A.) 116 F. 179. There is, however, no authority for entering a nunc pro tunc order for the purpose of correcting a previously entered order which contained no error, omission, or mistake. In other words, the court cannot, at a later term, amend a previously entered order through the use of a nunc pro tunc order. The most that appellant claims in support of the so-called nunc pro tunc order of May 14th is that the court, on February 25th, did not have its attention called to appellant's desire for time within which to file a bill of exceptions. Counsel was not present at the time the court entered the order, and did not inform the court until March 2d that he desired time within which to file a bill of exceptions and to prepare for an appeal. This was unfortunate, but it was too late at that date to make the application; the term of court in which he could secure the order he sought, having expired.

A somewhat common, and we think a wise, practice to avoid hardship such as is here presented, adopted in many District Courts, is to provide through general order for the allowance of time within which a bill of exceptions may be settled after judgment is entered, and thus the necessity of separate orders is avoided.

In addition to investigating this motion respecting the bill of exceptions, the court has fully gone into the assignments of error presented by appellant, irrespective of whether or not the bill of exceptions was properly signed and settled, with the result that we have found no error that would justify the reversal of the judgment. The most serious assignment of error presented by appellant deals with the sufficiency of the proof to support the judgment. The determination of this assignment turns somewhat upon the question of the authority of a certain individual to make the contract sued upon. Upon this question, we are fully in accord with the conclusion reached by the District Court.

The judgment is

Affirmed.